R.I. Local Form 2083-1.1
(Rev. 7/1/15)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re:  Leatrice A. Marks**                    :

                                                 :

        **Debtor(s)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BK No. *18-11213*

**Chapter 13**

## CHAPTER 13 AGREEMENT BETWEEN DEBTOR AND COUNSEL

### RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file bankruptcy cases under Chapter 13 to understand their rights and responsibilities. It is also useful for debtors to know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. To encourage that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following terms are agreed to by the debtors and their attorneys:

**BEFORE THE CASE IS FILED:**

**The DEBTOR agrees to:**
1) Provide the attorney with accurate financial information.
2) Discuss with the attorney the debtors' objectives in filing the case.

**The ATTORNEY agrees to:**
1) Meet with the debtor to review the debtor's debts, assets, income and expenses.
2) Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3) Explain what payments will be made through the plan, and what payments will be made directly by the debtor for mortgage and vehicle loan payments, as well as which claims accrue interest.
4) Explain to the debtor how, when, and where to make the Chapter 13 plan payments, as well as the debtor's obligation to continue making mortgage payments, without interruption, and the likely consequences for failure to do so.
5) Explain to the debtor how the attorney's fees and trustee's fees are paid, and provide an executed copy of this document to the debtor.
6) Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed.
7) Explain to the debtor that if he/she owe domestic support obligations, they must be current on these obligations to obtain plan confirmation and they must remain current to obtain a discharge.

In re: _LEATRICE A. MARKS_                        BK No. _18-11213_

8)   Advise the Debtor of the requirement to provide the Chapter 13 Trustee with copies of their federal tax return (or a transcript) for the most recent tax year at least 7 days before the Section 341 Meeting of Creditors.
9)   Advise the debtor of the requirement to attend the 341 Meeting of Creditors, <u>and instruct debtor as to the date, time and place of the meeting</u>.
10)  Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
11)  Advise the Debtor that in order to obtain a discharge, he or she must complete a financial management course approved by the United States Trustee and file a certificate (Official Form B423) with the Court evidencing compliance with this requirement.
12)  Timely prepare and file the debtor's petition, plan, and schedules.
13)  Advise the debtor about the Court's Debtor Electronic Bankruptcy Noticing program (DeBN), which allows debtors to receive court orders and notices by email.

**AFTER THE CASE IS FILED:**

**<u>The debtor agrees to</u>:**
1)   Keep the trustee and attorney informed of the debtor's address and telephone number.
2)   Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3)   Contact the attorney if the debtor loses his/her job or has other financial problems.  The attorney may be able to have the Chapter 13 plan payments reduced. or suspended in those circumstances.
4)   Advise counsel if the debtor is sued during the case.
5)   Inform the attorney if tax refunds to which the debtor is entitled are seized or not received.
6)   Advise counsel and the trustee before buying or selling real property or before entering into any long-term loan agreements, to determine what approvals are required.

**<u>The attorney agrees to provide the following legal services in consideration of the initial fee charged in this case</u>:**

1)   Appear at the 341 Meeting of Creditors with the debtor.
2)   Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
3)   Prepare, file and serve one necessary modification to the plan which may include suspending, lowering, or increasing plan payments.
4)   Prepare, file and serve necessary amended schedules in accordance with information provided by the debtor.
5)   Prepare, file, and serve necessary motions to buy, sell, or refinance real property.
6)   Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
7)   Represent the debtor in motions for relief from stay.
8)   Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

**In re:** _LEATRICE A. MARKS_                                    **BK No.** _18-11213_

9)      Provide such other legal services as are necessary for the administration of the case including, but not limited to assisting the debtor to comply with the requirement that the debtor complete a financial management course prior to discharge and files Official Form B423 with the Court evidencing such compliance.

Initial fees charged in this case are $ _3,000._ . If the initial fees are not sufficient to compensate the attorney for the legal services rendered in the case, the attorney further agrees to apply to the court for any additional fees, other than those listed below for Loss Mitigation. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing.

An additional attorney fee in the amount of $ _0._ is being charged for representing the debtor in the Court's loss mitigation program, or a loss mitigation program outside of the Court. This attorney fee will be paid through the Chapter 13 plan.

Debtor signature: _Leatrice A Marks_ Dated: _7-9-18_

Co-debtor signature:_____ Dated:_____

Attorney for debtor(s) signature: _____ Dated: _7-9-18_